NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, A*ppellee*,

*v.*

JESSE DAKINS, *Appellant*.

No. 1 CA-CR 21-0254
FILED 3-29-2022

Appeal from the Superior Court in Maricopa County
No. CR2018-124446-001
The Honorable Jay R. Adleman, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Zhivago Law, Phoenix
By Kerrie M. Droban Zhivago
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Presiding Judge Cynthia J. Bailey delivered the decision of the Court, in which Judge Jennifer M. Perkins and Judge Maria Elena Cruz joined.

---

**B A I L E Y,** Judge:

**¶1** This is an appeal under *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for defendant Jesse Dakins filed a brief advising the court that, after searching the entire record, she is unable to discover any arguable question of law and requesting that this court conduct an *Anders* review of the record. Dakins was given the opportunity to file a supplemental brief *in propria persona* but did not do so. For the reasons that follow, we affirm Dakins' convictions and resulting sentences.

## FACTS AND PROCEDURAL HISTORY

**¶2** Dakins and his girlfriend, Tiffany Warren, worked at a company that provided enrichment services for disabled adults ("company"), including the victim. Dakins and Warren developed a friendship with the victim, and together the three would frequently use methamphetamine at the apartment Dakins and Warren shared.

**¶3** In May 2018, a company supervisor called 911 to report a break-in, after he discovered a van and some cash were missing. That same day, the victim's mother reported the victim missing and directed Mesa police to Dakins' apartment. Mesa police conducted a welfare check and discovered the carpet and padding were removed from the apartment floor and the furniture was piled together in a corner of the living room.

**¶4** The next day, a Navajo County deputy sheriff responded to a report of a woman who seemed upset outside a truck stop. The deputy subsequently identified the woman as Warren. Dakins arrived shortly thereafter in a van, which he admitted he had stolen from the company. The deputy arrested Dakins and observed he had scratches and gouges on his arms.

**¶5** Dakins confessed to police that he and Warren had been "high for two to three weeks straight" when he became jealous of Warren's close relationship with the victim and stabbed him to death. Dakins

explained he first attacked the victim with his pocketknife, and then paused to retrieve a sharper steak knife and stabbed the victim at least twenty-seven times.  Dakins admitted he later bought cleaning products, removed the carpet, and together with Warren scrubbed the concrete underneath with bleach in an attempt to conceal the murder.  Dakins and Warren then drove about an hour-and-a-half away and hid the victim's body in the woods.  Warren's car broke down on the way back, which led Dakins to take the company's van.  After confessing, Dakins led police to the victim's body.

**¶6**　　　　In 2018, a grand jury indicted Dakins on Count I, first degree murder, a class 1 dangerous felony; Count II, tampering with physical evidence, a class 6 felony; Count III, abandonment or concealment of a dead body, a class 5 felony; and Count IV, theft of means of transportation, a class 3 felony.  *See* Ariz. Rev. Stat. ("A.R.S.") §§ 13-1105(A)(1), 13-2809(A)(1), 13-2926(A), 13-1814(A)(1).　　The State later alleged numerous aggravating factors.  The grand jury also indicted Warren, who ultimately pled guilty to hindering prosecution in the first degree.

**¶7**　　　　Before submitting the case to the jury for deliberation, the trial court granted Dakins' requested jury instructions for the lesser-included offenses of second-degree murder and manslaughter.

**¶8**　　　　After a twelve-day trial, the jury found Dakins guilty as charged.  Dakins waived an additional jury trial as to the presence of aggravating circumstances.  After the jury verdict, the trial court found the presence of an accomplice as an aggravator with respect to Counts II, III, and IV.

**¶9**　　　　The trial court sentenced Dakins to natural life imprisonment for Count I, and presumptive terms of 1 year for Count II, 1.5 years for Count III, and 3.5 years for Count IV.  The sentences were ordered to run concurrent to one another.  The court also credited Dakins for 1,132 days of pre-sentence incarceration.  Dakins filed a timely notice of appeal.

**¶10**　　　　We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A).

## DISCUSSION

**¶11**　　　　We have reviewed the entire record for reversible error and find none.  *See Leon*, 104 Ariz. at 299-300; *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999).  The evidence presented at trial was substantial and supports the verdicts, and the sentences were within the statutory limits.

Dakins was represented by counsel at all stages of the proceedings and was given the opportunity to speak at sentencing. The proceedings were conducted in compliance with his constitutional and statutory rights and the Arizona Rules of Criminal Procedure.

**¶12** After filing of this decision, defense counsel's obligations pertaining to Dakins' representation in this appeal have ended. Counsel need do no more than inform Dakins of the status of the appeal and of his future options, unless counsel's review reveals an issue appropriate for petition for review to the Arizona Supreme Court. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Dakins has thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

## CONCLUSION

**¶13** Dakins' convictions and sentences are affirmed.



AMY M. WOOD • Clerk of the Court
FILED: AA